# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS KOELLEN,

    Plaintiff,

    v.                                                    Case No. 08-C-1038

WARDEN WILLIAM POLLARD, JEANANNE GREENWOOD,
RICHARD HEIDORN, MD, JAMES GREER, and
JOHN and JANE DOES,

    Defendants.

## DECISION AND ORDER

    The plaintiff, who is incarcerated at Green Bay Correctional Institution (GBCI), lodged a pro se civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated; he paid the full filing fee for this action. In a decision and order dated June 12, 2009, the court screened the plaintiff's amended complaint and allowed him to proceed on an Eighth Amendment medical care claim against the defendants. Then the plaintiff brought a motion for an immediate restraining order. The court denied the motion on June 26, 2009, but provided the plaintiff with an opportunity to amend his complaint to include the allegations of retaliation he set forth in his motion.

    Instead of filing a second amended complaint, the plaintiff filed two motions to impose the previously motioned restraining order on the defendants, which the court denied in a decision and order dated August 7, 2009. In that order, the court gave the plaintiff additional time to amend his complaint to include any additional, related claims. The plaintiff was instructed to file a pleading bearing the docket number assigned to this

case and labeled "Second Amended Complaint." The plaintiff was also reminded that an amended complaint supersedes the prior complaint and must be complete in itself without reference to any earlier complaint. See Duda v. Board of Ed. of Franklin Park Public School District No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998).

On August 14, 2009, the court received a document entitled Second Amended Complaint and bearing the docket number for this case. However, once again, the plaintiff asks the court "to impose a temporary restraining order against the prison officials, and named defendants in this action, forbidding them from retaliating in any way, shape or manner, for his having initiated civil action in this Court against them." (Second Amended Complaint at 1). The plaintiff then sets forth his allegations of retaliation, but none of the claims from the operative Amended Complaint, which was filed January 27, 2009. Despite its title, the Second Amended Complaint is not a complaint setting forth all of the plaintiff's allegations against the defendants. It is a fourth attempt to obtain a temporary restraining order. Accordingly, the court will strike the Second Amended Complaint. As the plaintiff was advised in the August 7, 2009, order, the Amended Complaint will remain the operative complaint

The court notes that the defendants have filed an answer to the plaintiff's amended complaint, which indicates that the plaintiff has already completed service. Consequently, a separate scheduling order will be forthcoming.

Additionally, the court notes that the plaintiff filed an unnecessary response to the defendants' answer with an accompanying "Memorandum and Additional Information." As part of the memorandum, the plaintiff asked the court to prepare an updated list of everything that has been received from the plaintiff to date, so that he can review it to see

which portions of his correspondence to the court are missing. The court will direct the Clerk of Court to provide the plaintiff with a copy of the docket with this order.

Also pending before the court is the plaintiff's motion for reimbursement of expenses. Federal Rule of Civil Procedure 4(d) permits a plaintiff to avoid the costs of personal service by providing a defendant with written notice, through first-class mail or other reliable means, of the commencement of an action and with a request that the defendant waive service of summons. A defendant so notified "has a duty to avoid unnecessary costs of serving the summons." Fed. R. Civ. P. 4(d)(2). The plaintiff "shall allow a reasonable time to return the waiver, which shall be at 30 days from the date on which the request is sent." Fed. R. Civ. P. 4(d)(2)(F). If the defendant refuses to comply with the waiver, "the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown." Fed. R. Civ. P. 4(d)(2)(G)."

It appears from the court's initial review of the plaintiff's motion that, at most, the plaintiff may be entitled to the cost of service by the Brown County Sheriff's Department. However, the court has not received a response from the defendants. The plaintiff's motion was filed on September 8, 2009, and the defendants' response was due twenty-one days thereafter. See Civil L.R. 7.1(b) (E.D.Wis.). Accordingly, the court will direct the defendants to file a response to the plaintiff's motion on or before **Monday, October 26, 2009**. The defendants' response shall address whether the plaintiff has complied with Rule 4(d) and, if so, which expenses were incurred in effecting service. See Fed. R. Civ. P. 4(d).

- 3 -

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's Second Amended Complaint, filed August 14, 2009 be and hereby is **stricken.** (Docket #22).

**IT IS FURTHER ORDERED** that the defendants shall file a response to the plaintiff's motion for reimbursement of expenses on or before **Monday, October 26, 2009**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide the plaintiff with a copy of the docket in this matter.

Dated at Milwaukee, Wisconsin this 9th day of October, 2009

BY THE COURT:

s/Patricia J. Gorence
Patricia J. Gorence
United States Magistrate Judge