# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS KOELLEN,

    Plaintiff,

    v.                      Case No. 08-C-1038

WARDEN WILLIAM POLLARD, JEANANNE GREENWOOD,
RICHARD HEIDORN, MD, JAMES GREER, and
JOHN and JANE DOES,

    Defendants.

# DECISION AND ORDER

The plaintiff, who is proceeding pro se, filed this action alleging a violation of his civil rights and has moved for reimbursement of expenses for the cost of service. The motion will be addressed herein. (Docket #32).

In late July 2009, the plaintiff sent waiver of service packets via certified mail to each of the four named defendants in this case. On August 19, 2009, the United States Marshal received a waiver executed on behalf of those four defendants, acknowledging that they had to file a responsive pleading within sixty days from July 29, 2009. The waiver was filed with the court the next day, on August 20, 2009. Additionally, the defendants filed a consent to the United States magistrate judge jurisdiction on August 18, 2009, which they served on the plaintiff. Letters filed by the plaintiff on August 14 and 20, 2009, also indicate that he was in contact with the defendants regarding this case.

Nevertheless, before the thirty days for returning the waiver of service elapsed, the plaintiff contracted with the Brown County Sheriff's Department to effect personal service

on the three defendants located at Green Bay Correctional Institution (GBCI). Apparently the plaintiff took this action because he received three of the waiver packets back as returned mail from the prison. The plaintiff submitted the three envelopes to the court. Although they were not scanned and docketed in this case, the court was able to review them because they are in the court's paper file in this case. The envelopes indicate that the mail was returned because there was no mail receptacle at the street address the plaintiff provided for the Green Bay Correctional Institution.[1]

The plaintiff argues that he proceeded with personal service because the "clock was fast running out." (Plaintiff's Response to Defendant's Motion to Dismiss Motion for Costs of Serving Complaint at 1). However, the plaintiff had 120 days from the court's June 12, 2009, screening order to effect service and even that deadline could have been extended for good cause. Fed. R. Civ. P. 4(m). The defendants contend that they are not responsible for the plaintiff's service costs because he jumped the gun and had the defendants personally served without allowing time for a return of the waiver of service form.[2]

Federal Rule of Civil Procedure 4(d) permits a plaintiff to avoid the costs of personal service by providing a defendant with written notice, through first-class mail or other reliable means, of the commencement of an action and with a request that defendant waive service of summons. A defendant so notified "has a duty to avoid unnecessary expenses of

---

[1] It is the court's understanding that correctional institutions in Wisconsin generally use post office boxes to receive their mail.

[2] The defendants also dispute the plaintiff's asserted costs. Some of the costs, such as the plaintiff's filing fee in this action, are not recoverable. Even with regard to the Brown County Sheriff's Department, the plaintiff itemizes the service by the Brown County Sheriff at $225, but the documents provided by both parties show that the Sheriff charged only $118.20, $39.40 each for three individuals served.

serving the summons." Fed. R. Civ. P. 4(d)(1). The plaintiff must "give the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver." Fed. R. Civ. P. 4(d)(1)(F). If the defendant fails, without good cause, to sign and return a requested waiver, "the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2).

The defendants signed and returned the waiver of service form in this case well within the minimum of thirty days a plaintiff must allow. In the waiver, all four named defendants accepted service, including the three who did not receive their waiver of service packets by mail. Rule 4(d)(2) only mandates that the defendants pay the plaintiff's service costs if the defendant fails, without good cause, to sign and return the waiver. Here, the plaintiff chose to incur the costs of personal service before the time ended for the defendants to return the waiver of service. Therefore, the plaintiff is not entitled to reimbursement of costs and his motion will be denied.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for reimbursement of expenses be and hereby is **denied**. (Docket #32).

Dated at Milwaukee, Wisconsin this 7th day of June, 2010.

BY THE COURT:

s/Patricia J. Gorence
Patricia J. Gorence
United States Magistrate Judge